# Wolf, Appellant, *v.* Solomon.

*Contract—Sale—Evidence—Parties.*

1. In an action against an individual to recover for cigars where it appears that the cigars had been shipped and charged to a corporation, and that no bill had ever been rendered to the defendant, and the defendant asserts that he was an officer of the corporation, and the plaintiffs offer no proof that the company named was not a corporation, or that it was merely a name used by the defendant to conduct his business, a verdict and judgment for the defendant will be sustained.

2. In such a case where the invoice offered in evidence showed that the goods were charged to the corporation, and the invoice at the bottom had a direction that the cigars should be entered in the government records as "purchased from" the defendant, naming him, it is not error to refuse to admit the revenue books in which the goods had been charged to the defendant. The direction in the invoice did not conclusively establish contractual relations between the plaintiff and defendant in the sale of the cigars, and the revenue books had no additional probative value.

Argued Nov. 10, 1914. Appeal, No. 253, Oct. T., 1913, by plaintiff, from judgment of C. P. Lancaster Co., Oct. T., 1910, No. 186, on verdict for defendant in case of I. U. Wolf and Harry R. Wolf, doing business as I. U. Wolf & Son, v. C. Solomon. Before RICE, P. J., ORLADY, HEAD, and KEPHART, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before LANDIS, J.

At the trial the plaintiffs claimed that the goods had been sold and delivered to the defendant. The defendant testified that he was the treasurer of Cuban American Company, and that the goods had been sold to that company.

The following invoice was admitted in evidence:

"New York, Oct. 10, 1905.

J. E. Wolf and Son                          Dr.

CUBAN AMERICAN CO.,

FLORIDA TOBACCOS,

1395, 1397 & 1399 Avenue A.

Thurs. 15000 Cigars @ 17.50. We to pay Difference in Cash.

1 Bale

    No. 73—173—39

        134 @ $1.40                    187.60

                               187.60

Enter in Revenue Book as Purchased from C. Solomon."

The following offer was made:

Mr. Davis: It having been shown by the plaintiffs' evidence that the tobacco was directed to be charged in revenue books to C. Salomon, New York, we now offer to prove that it was charged to C. Salomon, New York, in the revenue book. Mr. Keller: Objected to. Disallowed. Plaintiffs except. Exception noted for the plaintiffs. [3]

I. U. Wolf was asked this question: "Q. And in

pursuance of what was contained thereon, did you charge the tobacco to him in the revenue book?"

Objected to by the defendant. Disallowed. Plaintiffs except. Exception noted for the plaintiffs. [4]

The defendant offered no evidence that the Cuban American Company was not a corporation, or that it was merely a name used by the defendant to conduct his business.

The court charged in part as follows:

It makes no difference that Wolf & Son were not paid for the cigars. If they sold to the Cuban American Company, they must look to that company for their pay and not to Chas. W. Salomon individually. Nor does it make any difference whether the Cuban American Company was a corporation or a company. Mr. Salomon, as I have said, is sued here individually, and he must have made this contract on his own personal behalf or he cannot be, and he ought not to be held liable in this suit. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (3, 4) rulings on evidence, quoting the bill of exceptions, and (5) above instructions, quoting them.

*B. F. Davis*, for appellants.—There was not a particle of evidence to show that the Cuban American Company was a company, a partnership, or firm of any kind. It was clearly error for the court to submit to the consideration of the jury this as a question of fact, in the absence of any evidence: Philadelphia, etc., R. R. Co. v. Alvord, 128 Pa. 42; Greber v. Kleckner, 2 Pa. 289; Musselman v. R. R. Co., 2 W. N. C. 105; Reel v. Martin, 12 Pa. Superior Ct. 340; Taylor v. Burrell, 7 Pa. Superior Ct. 461; Braunschweiger v. Waits, 179 Pa. 47.

*William H. Keller,* with him *John A. Coyle,* for appellee.

OPINION BY KEPHART, J., February 24, 1915:

This was a foreign attachment in assumpsit to recover a balance due on cigars sold by plaintiffs nearly six years before suit. The third and fourth assignments of error object to the action of the court in refusing to admit the revenue books in which the defendant had directed the goods to be charged to him. The direction to so charge was contained in a writing at the bottom of an invoice for one bale of tobacco, mailed by the defendant to the plaintiffs. Whatever probative value that direction might be to the plaintiffs in establishing the sale of the cigars to this defendant was contained in this invoice before the court. The revenue book would not furnish additional evidence nor serve to strengthen this fact, as evidenced by the invoice. The direction on the invoice, in the light of the facts in this case, did not conclusively establish contractual relations between the plaintiff and defendant in the sale of these cigars. The invoice contained a charge of the Cuban American Company against the plaintiffs for this bale of tobacco, and the direction at the bottom to enter in the government records "as purchased from C. Solomon" was not such language as imported an obligation on the part of the defendant to pay for cigars hereafter shipped; at best it was an effort to comply with the revenue laws relating to the sale of tobacco. While the plaintiffs may have appropriated the amount due on the invoice toward a partial liquidation of their account against the Cuban American Company, this appropriation, or payment made by the defendant on account of another, would not make him their debtor for the cigars as here contracted for. These assignments of error are overruled.

The evidence on both sides amply warranted the conclusion reached by the jury that the sale was made to

the Cuban American Company and not to the defendant. The cigars had been shipped to the Cuban American Company and the account made out against it and all correspondence in relation thereto was between the plaintiffs and that company. No bill was ever rendered to or demand made on this defendant. The plaintiffs testified, one at a previous trial, and the other at this trial, that in their dealings with the defendant they dealt with him as the representative of the Cuban American Company, a corporation. The suit was against C. Solomon, individually. It was immaterial whether this Cuban American Company was a corporation or a partnership. Its legal existence as a corporation was not in issue, and had it been, the plaintiff could not have complained as to the want of proof when they permitted the defendant, without objection, by his oral testimony, to prove its existence. If the plaintiffs felt that the Cuban American Company was not a corporation and was merely a name used by the defendant to conduct his business, they should have offered some evidence at the trial to prove this fact. The burden was on them to establish, in some manner, the sale of these cigars to the defendant. The case was submitted to the jury on the main points involved, which were decided adversely to the appellants, and the questions were clearly matters for the consideration of the jury. The first, second, fifth and sixth assignments of error must be overruled.

The seventh assignment of error is in violation of Rule XVI of this court, and cannot be considered.

Judgment affirmed at the cost of the appellant.